IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Younglove Construction, LLC,                    Case No. 3:08CV1447

        Plaintiff

    v.                                             ORDER

PSD Development, LLC, et al.,

        Defendants


       This is dispute between a contractor, Younglove Construction, LLC (Younglove), and the

client that hired the contractor, PSD Development, LLC (PSD). Defendant PSD contracted with

plaintiff Younglove to build an animal feed manufacturing facility, but withheld part of the contract

price because it believed Younglove breached the contract.

       Jurisdiction is proper under 28 U.S.C. § 1332.

       Pending is Younglove's motion to strike the affidavit of F. Thomas Johnston, PSD's expert

witness. [Doc. 118].

       For the following reasons, Younglove's motion shall be denied.

## Background

## I. Generally

On April 3, 2006, Younglove entered into a contract with PSD. Under this contract, Younglove was to ensure design and construction of an animal feed manufacturing facility for PSD.

Beginning in late 2006 and continuing through 2007, disputes arose between Younglove and PSD about the quality of materials, work and damages PSD claimed flowed from Younglove's allegedly inadequate performance.

In late 2007, PSD told Younglove that PSD was withholding partial payment because of the dispute.

In early 2008, Younglove filed a mechanic's lien against the project. Younglove has now sued PSD for the balance of payments due and other damages.

## II. Relating to Concrete Strength, Rebar Placement and the Johnston Report

On August 15, 2008, PSD filed an answer to Younglove's complaint and a counterclaim, alleging inadequate concrete strength and inadequate rebar. [Doc. 13]. The counterclaim does not explicitly mention issues with *placement* of the rebar.

In July, 2009, Younglove received Johnston's expert report.

On August 3, and August 21, 2009, Younglove took Johnston's deposition for the first time. Johnson's deposition testimony mentions PSD's complaint about concrete strength [Doc. 102-1, at 4]. Johnston's report was not, though, based on his own independent testing. In his deposition, Johnston specifically stated that he assumed, without checking, that the rebar was correctly placed.

On August 7, August 18, and August 25, 2009, Younglove's counsel asked for access to PSD's facility to take additional concrete core samples and to use an echo radar device on the walls.

2

Younglove offered to share the costs and results of such testing with PSD. PSD agreed.

On August 30-31, 2009, a third party company, CTL Engineering, Inc. (CTL), performed this testing.

On September 15, 2009, CTL published its results. These results included references to rebar placement issues.

On September 28, 2009, PSD filed an amended answer and counterclaim, mentioning both the inadequate concrete strength and improper placement of rebar (as well as other issues with the rebar). [Doc. 70-1].

Sometime in September or October, 2009, PSD retained Nate Kollar – a ground penetrating radar technician employed by Ground Penetrating Radar Systems, Inc. (GPRS) – to perform a radar inspection of PSD's walls to obtain rebar placement measurements.

From October 15-17, 2009, PSD deposed several of Younglove's witnesses, and asked them, among other things, about rebar placement.

On November 8, 2009, Kollar published his report confirming improper rebar placement.

On December 21, 2009, PSD filed a motion for partial summary judgment [Doc. 106], and included the Johnston declaration at issue here [Doc. 106, Ex. B]. PSD's motion sought partial summary judgment based on complaints regarding concrete strength and rebar placement, and offered Johnson's declaration [*Id.*] as support therefor.

Johnston specifically stated that, regarding: 1) concrete quality: that he ordered core samples be taken on September 15, 2009, and tested on September 22, 2009, which tested below code [*Id.* at 4]; and 2) rebar placement: that he retained a ground penetrating radar specialist, whose surveys concluded that Younglove's placement of rebar was improper [*Id.* at 2-3].

3

In January, 2010, Younglove received Johnston's supplemental expert report.

On January 29, 2010, Younglove filed the pending motion to exclude.

On March 5, 2010, Younglove took Kollar's deposition.

On May 5, and June 22, 2010, Younglove took Johnston's deposition for the second time.

**Discussion**

Younglove makes four arguments in support of its motion to exclude Johnston's declaration: 1) Johnston's declaration opinions did not appear in his Rule 26 expert report; 2) Johnston did not testify to his declaration opinions in his August, 2009, depositions; 3) PSD did not disclose Johnston's declaration opinions in any supplemental report; and 4) Johnston failed to lay a proper foundation for his opinions.

PSD responds that it "became aware of [the improper rebar placement] only after Younglove's counsel repeatedly raised the issue at Mr. Johnston's deposition. Subsequent investigation and the depositions of Younglove personnel only confirmed what Younglove knew all along." [Doc. 136, at 2].

I note initially that the Sixth Circuit has held: "In rulings on the admissibility of expert opinion evidence[,] the trial court has broad discretion[.]" *Brainard v. Am. Skandia Life Assurance Corp.*, 432 F.3d 655, 663 (6th Cir. 2005) (internal quotation omitted).

**I. Concrete Strength**

Younglove's only ground for protesting Johnston's concrete strength declarations is the additional testing, to which it did not consent, on September 15, 2009.

Rule 26(a)(2) of the Federal Rules of Civil Procedure requires disclosure of "a complete statement of all opinions the witness will express and the basis and reasons for them," and the basis

4

therefor. I set the time frame for doing so. Fed. R. Civ. P. 26(a)(2)(C). When a party seeks to change its report, it must "supplement these disclosures when required under Rule 26(e)." Fed. R. Civ. P. 26(a)(2)(D).

Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure, meanwhile, requires a party to supplement its expert reports "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

Rule 37(c)(1) of the Federal Rules of Civil Procedure (emphasis added), states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless.*

The Sixth Circuit has affirmed a district court's decision to exclude expert opinion where the expert never supplemented his report, and where his affidavit "employ[ed] broad and dramatic language without substance or analysis." *Brainard*, *supra*, 432 F.3d at 664.

In *Roberts* ex rel. *Johnson v. Galen of Virginia, Inc.* (*Galen*), 325 F.3d 776, 783-84 (6th Cir. 2003), meanwhile, the Sixth Circuit affirmed a district court's decision to allow the testimony of an expert who had been substituted for another expert long after discovery closed. In that case, the party against whom the expert testified did not receive his resume until one week prior to trial, and never received a supplemental report for the new expert. *Id.* The district court's sole sanction against the party for whom the expert testified, was to limit the new expert's testimony to the prior expert's report and conclusions. *Id.*

In affirming the district court's decision, the Sixth Circuit found the any violations of Rules 26(a) and (e) harmless. *Id.* at 784. It, moreover, noted the district court's imposition of an

"alternative" sanction:

> Even if we assume that these violations were not justified or harmless, however, Rule 26 was satisfied here because-contrary to Roberts's claims-the district court did sanction Galen. Roberts intimates in her brief that the only appropriate sanction for Galen's alleged violations is the total exclusion of Charash's testimony. Rule 37(c)(1), however, provides several remedies to a district judge who is faced with violations of the mandatory- disclosure provisions of Rule 26. The provision on sanctions explicitly states in pertinent part that "in lieu of this sanction [of total exclusion], the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions." Fed.R.Civ.P. 37(c)(1). Rule 37(c)(1) does not compel the district judge to exclude testimony in its entirety.

*Id.*

Here, Johnston's disclosure and supplementation are timely enough, given the fluid and broad schedule in this case and time remaining before trial. Younglove has, moreover, had over seven months in which to investigate and address the issues Johnston has raised. Also, the fact that Johnston provided a supplemental report – and a non-conclusory one – distinguishes *Brainard*.

PSD's alleged untimeliness is harmless and, in any event, substantially justified to the extent that the supplementation did not comply with either Rule 26(a) or (e). Following its August 15, 2008, answer, PSD has provided Younglove with notice that it found problematic the concrete strength. To this end, Younglove and PSD obtained several concrete core samples; that PSD sought out yet another sample is a classic example of supplemental information. This is especially so when immediately prior to the allegedly problematic concrete core sampling, Younglove agreed to commission additional concrete testing. That each party's expert would opine on such testing – and possibly decide to perform further testing – flows logically from these activities. Finally, the harmlessness of any alleged failure is further confirmed by my remedy, which is to allow Younglove additional time for testing or briefing, as it may need as a result of the timing of PSD's expert report supplementation.

Younglove's motion to exclude due to untimeliness is, therefore, overruled.[1]

## II. Rebar Placement

### A. Expert Disclosure

Younglove alleges that it first received notice that PSD would pursue the rebar placement claim in its motion for partial summary judgment. Younglove also maintains that it did not have notice that Johnston would testify on the issue, as he did not timely supplement his report or provide an additional report.

As stated above, I find Johnston's disclosure and supplementation timely enough given the expansive schedule in this case. *Galen*, *supra*, 325 F.3d at 784. Younglove received a supplemental report on Johnston's rebar placement findings, and has had over seven months to investigate and address the report. *Compare Brainard*, *supra*, 432 F.3d at 664.

Here, again, I find the failure to supplement both harmless and substantially justified. Younglove has had notice since August 15, 2008, of PSD's general rebar complaints; Younglove further has had notice of PSD's rebar placement complaint since at least September 28, 2009. Younglove, moreover, itself initially made an issue – through questioning of Johnston in his first deposition and through its witnesses' subsequent depositions – of the rebar placement. PSD acted promptly on that information.

The joint discovery from August and September, 2009, led to PSD's seeking the ground penetrating radar survey. That the joint investigation might prompt further investigations – and comments by experts about those investigations – is entirely logical. Finally, any supplementation failure is especially harmless in light of my order that Younglove may perform whatever additional

---

[1] I find distinguishable the other cases Younglove cites in its brief.

investigation or amendment of its motions that is necessary on this issue.

Younglove's motion to exclude on this issue is, therefore, overruled.[2]

### B. Foundation for Opinion

Younglove argues that Johnston improperly relied on Kollar's report in his declaration: "Younglove is not taking issue with ground penetrating radar as a method for locating steel embedded in concrete – Younglove is taking issue with whether this particular report is an accurate measurement of the steel that exists within the PSD Development structure." [Doc. 147, at 14]. Younglove specifically points to the piecemeal nature of the data submitted from the Kollar report in Johnston's declaration.[3]

To be admissible under Fed. R. Evid. 702, opinion evidence must be based on reliable "scientific, technical, or other specialized knowledge." The Supreme Court set standards for assessing the admissibility of scientific opinion in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589-95 (1993). The Court applied *Daubert* principles to non-scientific opinion in *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 149-50 (1999).

Rule 703 explains the type of information on which an expert may rely:

> The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted.

*See also U.S. v. Bonds*, 12 F.3d 540, 566 (6th Cir. 1993).

---

[2] I find distinguishable the other cases Younglove cites in its brief.

[3] Younglove originally complained also that they were unable to take Kollar's deposition. That complaint, however, has been remedied.

Here, I find Johnston properly relied on the data from Kollar's report in stating his opinion of rebar placement in PSD's facility. This is especially so given Johnston's supplemental report and Kollar's deposition. Kollar provided a ground penetrating radar survey, and Younglove merely takes issue with his particular survey, not its general type. Younglove can perform its own testing of the rebar placement, as I herein authorize; but it may not successfully argue that such testing cannot form the foundation of Johnston's opinion. Any problems Younglove may raise regarding the admissibility of Kollar's report, moreover, are immaterial under Rule 703.

Younglove's argument on this point is, therefore, overruled.[4]

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT:

1. Plaintiff Younglove's motion to strike [Doc. 118] be, and the same hereby is, denied; and

2. Leave be, and the same hereby is, granted to Younglove to conduct additional necessary testing or discovery in response to the Johnston supplemental report; and leave granted to Younglove to supplement its motion for summary judgment accordingly.

So ordered.

s/James G. Carr
U.S. District Judge

---

[4] Younglove also takes issue with Johnston's reliance on certain versions of the Ohio Building Code and the American Concrete Institute (ACI) Building Code. I find that these arguments do not undermine Johnston's opinion such as to make it inadmissible. They rather speak to the weight his opinion should receive, and are more appropriately addressed at trial and during cross-examination.

Younglove's arguments on these points are, therefore, overruled as well.

9