IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Younglove Construction LLC,             Case No. 3:08CV1447

       Plaintiff

      v.                                                ORDER

PSD Development LLC, et al.,

       Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Younglove Construction LLC,

       Third-Party Plaintiff,
      v.

Custom Agrisystems, Inc.,

       Third-Party Defendant

This case began as a collection action by a contractor, Younglove Construction LLC (Younglove), against the owner of feed mill, PSD Development LLC (PSD), which Younglove had designed and built for PSD. PSD, claiming design and construction defects, counterclaimed. Younglove thereafter brought a third-party complaint against the subcontractor, Custom Agrisystems, Inc. (CAS), which designed and installed the grain bin which Younglove had included

in the feed mill. CAS in turn filed a third-party complaint against the supplier, Brock Grain Handling Systems, Inc. (Brock), of the grain bin itself.

PSD deposed a number of Brock employees and intends to call them to testify at trial.

Although CAS acknowledges that PSD has neither identified any of the Brock witnesses as experts testifying on its behalf nor retained any Brock witness as an expert, CAS nevertheless seeks to exclude any expert testimony from the Brock witnesses under Federal Rule of Evidence 702.

Federal Rule of Evidence 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 applies not only to scientific testimony, but also to other types of expert testimony based on technical or other specialized knowledge. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147, 149 (1999).

Experts may be precluded from offering opinions beyond their area of expertise or which are not founded on reliable methodology. *E.g. Kumho Tire*, *supra*, 526 U.S. at 154–55. The rejection of expert testimony, however, "is the exception rather than the rule." *In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 531 (6th Cir. 2008) (quoting Fed. R. Evid. 702 Advisory Committee's Note, 2000 Amend.).

The proponent of evidence has the burden of establishing that all of the pertinent admissibility requirements are met by a preponderance of the evidence. *See* Fed. R. Evid. 104(a); *see also Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987).

PSD, interpreting CAS's motion as seeking to exclude all testimony by the Brock witnesses, stressed that each of the witnesses has offered testimony regarding facts relevant to the litigation. I agree with PSD that these witnesses's factual testimony should not be excluded under Rule 702.

CAS, however, is concerned only with scientific or technical opinions they may present, specifically opinions regarding the cause of damage to the bin and the unloading capacity of the bin.

Brock representatives opined in 2009 that the cause of damage to the grain bin was most likely high winds. Brock based its finding on a process of elimination of other explanations. But they did not consider off-center unloading as a possible cause. They did not do so because PSD at the time denied that such unloading had occurred. PSD employees have since testified that they did unload the bin from off-center openings.

CAS states that "it doubts that PSD will actually attempt [to] advance this argument at trial, because it is clearly unreliable and also because to do so would effectively be an attempt to impeach PSD's own expert's opinions." [Doc. 260, at 3]. While I share CAS' doubt that PSD will advance this argument at trial, I agree that testimony by Brock-related witnesses as to the cause for the damage should be excluded. Their opinion is based on incomplete facts. Arguably this omission goes to weight rather than its admissibility. Under the circumstances of this case, I conclude that the very substantial likelihood that the jury would be misled by evidence that, as it now stands, has *de minimus* probative value justifies exclusion under both Rules 702 and 403.

CAS believes PSD will attempt to introduce calculations performed by Allen Fitch to establish that the bin could not unload at 5,000 bushels per hour. CAS asserts that Mr. Fitch's

3

testimony demonstrates that he does not know what the proper calculation for determining the unloading rate is and that his calculations are not to a reasonable degree of engineering certainty.

The only evidence PSD offers to establish the admissibility of such calculations is the fact that a CAS representative, Tim Miller, that Mr. Fitch "better know" whether or not a bin would unload at a particular rate because Mr. Fitch is "in charge of it." Such evidence is insufficient to show that the testimony is admissible, and it will therefore be excluded.

CAS' motion appears to seek exclusion of all expert testimony from the Brock witnesses, but beyond the specific opinions discussed above, CAS does not state what such testimony might be. Although PSD has not sought to qualify the Brock witnesses as experts, the witnesses' credentials indicate that they might be so qualified. If and when PSD seeks to introduce testimony from the Brock witnesses requiring expertise, the question of that testimony's admissibility will be ripe.

For the foregoing reasons, it is hereby:

ORDERED THAT CAS' motion to exclude the expert testimony of the Brock witnesses [Doc. 260] be, and hereby is granted in part and denied in part.

So ordered.

/s/James G. Carr
U.S. District Judge