IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Younglove Construction, LLC,                               Case No. 3:08CV1447

    Plaintiff

    v.                                                                        ORDER

PSD Development, LLC, et al.,

    Defendants

This suit arises out of a "design/build" construction contract. Defendant PSD Development, LLC (PSD) contracted with plaintiff Younglove Construction, LLC (Younglove) to build an animal feed manufacturing plant. Younglove filed a complaint against PSD alleging breach of contract, unjust enrichment and foreclosure of its mechanics lien in response to PSD's failure to pay the balance due on the contract. PSD counterclaimed, alleging breach of contract and warranties based on construction defects.

Jurisdiction is proper under 28 U.S.C. § 1332.

Pending is PSD's motion to exclude the testimony of Younglove's expert Albert A. Vondra. [Doc. 267]. For the following reasons, this motion is granted in part.

**Background**

In April, 2006, Younglove entered into a contract with PSD. Under this contract, Younglove agreed to design and construct an animal feed manufacturing plant for PSD.

Disputes arose regarding the quality of the materials and workmanship. These disputes have led to this litigation.

Younglove retained Mr. Albert A. Vondra as a damages expert for the litigation.

Mr. Vondra is a partner in the Advisory Services practice of PricewaterhouseCoopers LLP (PWC). He is a certified public accountant and a certified fraud examiner. He has been certified in financial forensics by the American Institute of Certified Public Accountants. Mr. Vondra is also an attorney, admitted to practice in Ohio.

Mr. Vondra has worked for PWC for thirty years. He has directed audit and review engagements, forensic and fraud investigations, mergers and acquisitions due diligence reviews, business valuations and dispute analysis projects. He has also been involved with quantifying commercial damages for several matters, and has previously served as an expert witness in litigation.[1]

Mr. Vondra's proposed testimony critiques the methods and conclusions of PSD's expert Mr. Jeffrey Pelegrin. He contends that because Mr. Pelegrin did not consider the revenue generated by the feed mill, his analysis is "inherently false and erroneous." [Doc. 275-8, at 14].

Mr. Vondra's report states:

> PSD is claiming that the fair market value of the PSD real and personal property relating to the feed mill plant has been permanently impaired. Under generally accepted accounting principles ("GAAP"), this would mean that PSD should have written down the asset value of the feed mill facility on its own financial statements at the time this became known. However, this has not been done.

*Id.*

---

[1] I cut short Mr. Vondra's list of qualifications. Suffice it to say, he is qualified to give opinions in his field of education and experience.

Mr. Vondra thus concludes that "PSD's claimed diminution of value is wholly inconsistent with management representations made on its own internal financial statements and thus is neither credible nor reliable." *Id.*

Mr. Vondra also intends to testify that "the damages claimed for the alleged diminution of value are in direct contradiction with PSD's representations and assertions in its own financial statements." *Id.*

PSD seeks to have Mr. Vondra's testimony excluded under Federal Rule of Evidence 702, arguing that he has not reliably applied the GAAP to the facts of this case.

## Standard of Review

Federal Rule of Evidence 702 requires me to perform a "gate-keeping role" when considering the admissibility of expert testimony. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993). Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Rule 702 applies not only to scientific testimony, but also to other types of expert testimony based on technical or other specialized knowledge. *See Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147, 149 (1999).

My gate-keeping function is two-fold. First, I must determine whether the testimony is reliable. *See Daubert*, *supra*, 509 U.S. at 590. An expert's opinion must be "more than subjective belief or unsupported speculation." *Id.* "[N]othing in either *Daubert* or the Federal Rules of

Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

Second, I must determine whether the expert's reasoning or methodology can be properly applied to the facts at issue—that is, whether the opinion is relevant. *See Daubert*, *supra*, 509 U.S. at 591–93. To be relevant, the testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. This relevance requirement ensures that there is a "fit" between the testimony and the issue to be resolved at trial. *United States v. Bonds*, 12 F.3d 540, 555 (6th Cir. 1993).

Experts may be precluded from offering opinions beyond their area of expertise or which are not founded on reliable methodology. *E.g. Kumho Tire*, *supra*, 526 U.S. at 154–55. The rejection of expert testimony, however, "is the exception rather than the rule." *In re Scrap Metal Antitrust Litigation*, 527 F.3d 517, 531 (6th Cir. 2008) (quoting Fed. R. Evid. 702 Advisory Committee's Note, 2000 Amend.).

My role as gatekeeper "is not intended to serve as a replacement for the adversary system: '[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.'" *U.S. v. 14.38 Acres of Land*, 80 F.3d 1074, 1078 (5th Cir. 1996) (quoting *Daubert*, *supra*, 509 U.S. at 597).

The proponent of the evidence has the burden of establishing that all of the pertinent admissibility requirements are met by a preponderance of the evidence. *See* Fed.R.Evid. 104(a); *see also Bourjaily v. United States*, 483 U.S. 171, 175–76 (1987).

**Discussion**

PSD argues that Mr. Vondra's opinion is misapplies GAAP because he ignores key facts essential to a proper GAAP analysis.

Mr. Vondra's opinion rests on application of accounting standard FAS 144, codified at Section 360, subpart 35-17 of GAAP, which states:

> An impairment loss shall be recognized only if the carry value amount of a long-lived asset (asset group) is not recoverable and exceeds its fair value. The carrying amount of a long-lived asset (asset group) is not recoverable if it exceeds the sum of the undiscounted cash flows expected to result from the use and eventual disposition of the asset (asset group). That assessment shall be based on the carrying amount of the asset (asset group) at the date it is tested for recoverability, whether in use or under development. An impairment loss shall be measured as the amount by which the carrying amount of the long-lived asset (asset group) exceeds its fair value.

As Mr. Vondra explained in deposition, the rule has two requirements that must be met before an impairment loss may be claimed on the asset: 1) the carrying (or book) value of the asset must be greater than the fair value; and 2) the undiscounted cash flows generated by the asset must suffice to recover the book value of the asset. Vondra Depo. at 280–87.

PSD asserts that Mr. Vondra failed to consider the fact that PSD has sufficient revenues to recover the book value of the feed mill, and that if Mr. Vondra had properly applied the rule, he would have to conclude that PSD's treatment of the asset on its books conforms to the diminution claim set forth by Mr. Pelegrin.

Younglove has not shown that Mr. Vondra considered the entirety of the rule, or whether a loss could exist without rising to the level of impairment loss. Mr. Vondra's proposed testimony that Mr. Pelegrin's estimations are therefore "false and erroneous" cannot be permitted as Younglove has not shown that "the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702.

Younglove argues, however, that PSD misunderstands Mr. Vondra's proposed testimony, and that the application of the rule is beside the point.

In its response to PSD's motion to exclude, Younglove explains that Mr. Vondra concluded that because PSD has not suffered an impairment loss to the feed mill, it has not suffered any damages. The proposed testimony is not, as PSD understood it to be, that because there is no impairment loss on its books PSD has suffered no loss. Rather, the proposed testimony is that even if there is a loss in the sense that the feed mill as built is worth less than the feed mill for which PSD contracted, PSD has not suffered any damages.

Younglove therefore claims that PSD is challenging Mr. Vondra's conclusions, and Mr. Vondra's testimony must be allowed.

Younglove is correct that generally my gate-keeping function is limited to assessing the validity of the principles and methodology supporting an opinion, rather than the conclusions drawn by the expert. *See Daubert*, *supra*, 509 U.S. at 595 ("The focus, of course, must be solely on the principles and methodology, not on the conclusions that they generate."). But this general rule applies only to conclusions of fact, not of law.

Mr. Vondra's opinion that PSD has not been damaged amounts to a legal conclusion. "An expert opinion on a question of law is inadmissible." *Chavez v. Carranza*, 559 F.3d 486, 498 (6th Cir. 2009) (quoting *Berry v. Detroit*, 25 F.3d 1342, 1353–54 (6th Cir. 1994)).

As the Sixth Circuit explained in *Berry*, *supra*, 25 F.3d at 1353:

> We would not allow a fingerprint expert in a criminal case to opine that a defendant was guilty (a legal conclusion), even though we would allow him to opine that the defendant's fingerprint was the only one on the murder weapon (a fact). The distinction, although subtle, is nonetheless important.

6

Here, while Mr. Vondra may testify as to what an impairment loss is and whether PSD has reported one, the determination as to whether PSD has suffered damages as a result of the construction defects is for the jury, not the expert, to make.

A fingerprint expert may not opine that a defendant was guilty. Such expert may, though, testify that the defendant's fingerprint was the only one on the murder weapon. Likewise, Mr. Vondra can explain that PSD has not recognized an impairment loss on the asset. Not so, though, with regard to his opinion that PSD incurred no damages.

PSD argues that Mr. Vondra's testimony would not assist the trier of fact, and would only add confusion to the damages issue. While it is true that PSD has stipulated that it has not lost profits as a result of the alleged construction defects (and equally true that any testimony on accounting principles can lead to confusion), I nevertheless find that Mr. Vondra's testimony as to PSD's accounting practices is relevant and admissible.

Though some of his conclusions—that the valuation of the feed mill is "false and erroneous" and that PSD has suffered no damage—are inadmissible, his testimony about PSD's accounting is relevant to the issues of materiality of the breach and damages. Mr. Pelegrin's proposed testimony indicates the difficulty of estimating the effect the construction defects have on the estimated useful life of the feed mill, and Mr. Vondra's explanation of PSD's accounting practices, particularly that it has not recognized an impairment loss, may help the jury determine whether the breach was material, and what damages PSD has suffered.

**Conclusion**

For the foregoing reasons, it is hereby:

ORDERED THAT PSD's motion to exclude the testimony of Albert A. Vondra [Doc. 267] be, and hereby is granted in part and denied in part.

So ordered.

/s/James G. Carr
U.S. District Judge