**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Younglove Construction, LLC,                      Case No. 3:08CV1447

        Plaintiff

      v.                                      **ORDER**

PSD Development, et al.,,

        Defendant

Pending is Younglove's motion *in limine* regarding PSD's expert, Thomas Johnston's opinions based on his finite element analysis. [Doc. 326].

The gravamen of the motion is that Johnston and PSD failed to comply fully with their discovery obligations *vis-a-vis* "process files" or "output files" which Johnson produced *en route* to forming his opinions as to the damage to PSD's feed mill due to Younglove's noncompliance with its contractual obligations when pouring the concrete that forms the bin walls.

Younglove also complains that when it received a response to those requests, the response was delayed and the files which PSD produced were corrupted and could not be opened.

Younglove further contends that Johnston has improperly conducted a new analysis and reached results that differ from his previously reported opinions. That occurred, according to Younglove, only after Johnston attended the recent deposition of Larry Mott, Younglove's expert re. the issues as to which Johnston plans to testify.

At that deposition, according to Younglove, Mott gave testimony that casts substantial doubt on the accuracy of Johnston's method and results.

PSD's response to the motion *in limine* is that it complied with its discovery obligations, Johnston did not create process files in a format that would be useful to Mott and he undertook his post-Mott deposition reworking simply to be able to respond to Mott's opinions at trial. PSD also states that Younglove could easily have fixed whatever was wrong with the files PSD had produced.

The he said/she said quality of the record makes final determination presently impossible. I have decided to postpone adjudication of Younglove's challenge to Johnston's testimony until he can be subject to *voir dire* and a record otherwise can be made with regard to:

- What Younglove requested and when it requested it;
- Whether Johnston had material responsive to those requests that he or PSD failed to produce, or produced in an untimely and/or unusable manner, and why non- or non-functional production occurred;
- The effect of the missing, delayed or inaccessible materials on Mott's work for Younglove;
- Why and how Johnston conducted his post-Mott deposition re-analysis,
- Whether Johnston could and should have undertaken his reworking and reported its results sooner, and if so when he should have done and reported on that work;
- Whether and the extent to which the results of such reworking and re-analysis represent an alteration or repudiation of Johnston's prior opinions; and
- Such other information as may be pertinent to the motion *in limine*.

If I conclude, on the basis of such further development of the record, to deny the instant motion in whole or part, my present intention is nonetheless to permit Mott to present the final testimony on the issues as to which Johnston and he testify.

The most convenient date and time for the contemplated *voir dire* is during the evening hours of either Monday, May 24th, or Tuesday, May 25th. The parties shall confer and inform the court which can better accommodate their schedules and other demands.

For now, it is hereby

ORDERED THAT: ruling on motion *in limine* re. Johnston's finite element analysis [Doc. 326] be and hereby is held in abeyance pending further proceedings as described herein.

So ordered.

/s/James G. Carr
Sr. United States District Judge