# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Younglove Construction,                  Case No. 3:08CV1447

        Plaintiff

   v.                                                  **ORDER**

PSD Development,

        Defendant

Pending is a motion by plaintiff/counterclaim-defendant Younglove Construction (Younglove), styled *in limine*, seeking to bar any evidence at the forthcoming trial of the amounts defendant/counterclaimant PSD Development (PSD) has expended in defending Younglove's claim and its counter-claims. [Doc. 312].

For the reasons that follow, I grant the motion.

Younglove asserts four reasons for excluding evidence relating to PSD's attorney fees: 1) PSD failed properly to plead this claim; 2) PSD has provided nothing in discovery to establish the amount of attorney fees it claims are recoverable; 3) the contract does not allow the attorney fees PSD appears to seek; and 4) the attorney fees provisions are unenforceable under Ohio law.

### 1. Failure to Plead Claim for Fees

The body of the complaint makes no reference to a claim for fees, and no separate count or counts asserts a claim for fees. The complaint's prayer for relief simply demands attorneys' fees as part of the overall recovery.

This offhand reference to entitlement to fees hardly states a "plausible claim" under the *Iqbal/Twombley* standard. This is so even though Younglove may have otherwise been aware that PSD believed it was entitled to fees under the contract.

A party cannot defend a claim simply on the basis of its awareness that the other side believes it is entitled to relief. The whole point of the complaint requirement is to put the opposing party on formal notice of the assertion and its basis.

If, though, the failure to plead were the only deficiency, and if time to conduct discovery were available, I would grant leave to amend.

## 2. Lack of Opportunity to Conduct Discovery

The lack of pretrial discovery, and, at this late date any opportunity to conduct meaningful discovery as to PSD's fee claim are important factors in my decision. PSD seeks to shift the blame for the lack of discovery to Younglove, pointing out that Younglove never sought discovery as to any fee claim. It accuses Younglove of sandbagging.

The bag is in the other hand: PSD never provided Rule 26 disclosures with regard to its fee claims. Had it done so, its complaint about Younglove's indolence and inattentiveness would be more persuasive.

Rule 26 disclosures set the table for later discovery. PSD did not make fee-related disclosures. It should have done so. Not having done so, it cannot succeed in its demand that I turn a deaf ear to Younglove's contentions about its inability to conduct discovery and prepare its defense.

## 3 Contractual Provisions

The contractual provisions on which PSD appears to rely are, moreover, neither unequivocal nor clear with regard to just what attorneys' fees they might cover. Those provisions are contained in Article 12, captioned "Tests and Inspections; Correction, Removal or Acceptance of Defective Construction."

Article 12.08A [Doc. 99, Ex. A-1] states:

If, instead of requiring correction or removal and replacement of defective construction, Owner prefers to accept it, Owner may do so. Design/Builder shall pay all costs, losses, and damages (including but not limited to all fees and charges of engineers, architects, attorneys and other professionals and all court or arbitration or other dispute resolution costs) attributable to Owner's evaluation of and determination to accept such defective Construction. If any such acceptance occurs prior to final payment, a Change Order will be issued incorporating the necessary revisions in the Contract Documents, and Owner shall be entitled to an appropriate decrease in the Contract Price reflecting the diminished value of the Construction so accepted. If the parties are unable to agree to the amount thereof, Owner may make a Claim therefor as provided in Article 9. If the acceptance occurs after final payment, an appropriate amount will be paid by Design/Builder to Owner..

Article 12.09C also addresses attorney fees:

All costs, losses, and damages (including but not limited to fees and charges of engineers, architects, attorneys and other professionals, all court or arbitration or other dispute resolution costs and all costs of repair or replacement of work of others) incurred or sustained by Owner in exercising such rights and remedies under this paragraph 12.09 will be charged against Design/Builder and a Change Order will be issued incorporating the necessary revisions in the Contract Price.

*Id.*

Article 12.09 provides that the Owner may correct defective construction should the Design/Builder fail to correct defective construction within a reasonable time after written notice.

The provisions quoted above, therefore, are the only possible bases of PSD's claim.

3

Neither of these provisions gives PSD an absolute or unambiguous right to recover its fees for this litigation.

Given the lack of clarity in this language, PSD's failure to specify in its complaint which of its terms applies to what portion of its fees and costs and its failure to comply with Rule 26, I conclude the allowing it to present any evidence as to its fees under these provisions would unduly and unfairly prejudice Younglove's ability to prepare and defend against this aspect of PSD's claims against it.

### 4. Whether PSD Meet the Requirements of Ohio Law re. Enforcement of Fee-Shifting Contracts

Thus far, I have decided to preclude PSD from introducing evidence in support of its claim for attorneys' fees, whatever those claims may be. The result of this decision is that PSD cannot satisfy the requirements of controlling Sixth Circuit interpretation of Ohio law as to the enforcement of fee-shifting contracts.

In *Big Lots Stores, Inc. v. Luv N' Care, Ltd.*, 2008 WL 5110961 (6th Cir.) (unpublished disposition), the court discussed the somewhat meandering course Ohio courts have taken with regard to restrictions on contractual agreements shifting liability for attorneys' fees and related costs.

The court concluded that, though some cases hold or appear to hold otherwise, the controlling law in Ohio precludes, as a matter of public policy, fee shifting of the sort PSD claims the contract at issue here grants to it:

> The contract provision allowing Big Lots to recover its attorney fees is unenforceable under this court's interpretation of Ohio law because it was not specifically negotiated. In an unpublished 1998 opinion, this court held that Ohio law precludes contractual recovery of attorney fees without specific negotiation. *Colonel's Inc. v. Cincinnati Milacron Mktg. Co.*, Nos. 96-1243, 96-1244, 1998 WL 321061, at *5 (6th Cir. June 1, 1998). In a published 2005 opinion, we reaffirmed that conclusion. *Scotts Co. v. Cent. Garden & Pet Co.*, 403 F.3d 781, 792 (6th Cir.2005). While Big

Lots' analysis of Ohio law does suggest that the issue might not be as simple as these opinions may have implied, Big Lots does not provide a persuasive reason to depart from these precedents.

302 Fed. Appx. 423, 426, 2008 WL 5110961, *3.

Though PSD has represented informally and in a conclusory manner that the above-cited provisions were the subject of the negotiation necessary to make them enforceable under *Big Lots*, it has presented no evidence to that effect.[1] As a result of my decision to preclude it from doing so, it will not be able to meet that aspect of its claim for fees. Without evidence of the extent to which these provisions were in fact the subject of negotiation between the parties, *Big Lots* requires judgment in favor of Younglove with regard to any claim by PSD for attorneys' fees and costs.

## Conclusion

For the foregoing reasons, it is

ORDERED THAT:

1. Plaintiff Younglove's motion *in limine* regarding attorneys' fees [Doc. 312] be, and the same hereby is granted; and

2. PSD shall not seek to recover on, or make any reference to any claim for attorneys' fees and costs during the trial of this case.

So ordered.

/s/James G. Carr
Senior United States District Judge

---

[1] PSD has filed a supplemental memorandum on this contention repeating the same conclusory argument contained in its opposition. *Compare* [Doc. 362] *with* [Doc. 348].