**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Younglove Construction, LLC,            Case No. 3:08CV1447

      Plaintiff

   v.                                      **ORDER**

PSD Development, LLC, et al.,

      Defendant

Pending is Younglove's motion *in limine* to exclude evidence about future expansion of the feed mill. [Doc. 308]. For the reasons that follow, the motion shall be granted.

Younglove anticipates, and PSD has not directly disputed, that PSD will seek to offer evidence that, due to the noncompliance with the construction contract at issue in this case, PSD cannot expand the mill to meet increasing demand and resulting sales.

Younglove objects to any testimony because PSD declined to provide sales and sales projections figures. Younglove accepted that refusal on the basis of PSD's stipulation that it had not lost profits due to the construction defects.

Implicit in Younglove's motion is the perception that testimony about future expansion must be predicated on anticipated increases in customer demand and sales. This, in turn, requires the baseline of current and past sales.

PSD contends that Younglove is confusing profits and capacity. That contention misses the mark: Younglove is contending that PSD, to prove that future expansion is in any way a realistic possibility (itself a predicate to proving damages from any inability to undertake future expansion), must present current projections of future growth.

At bottom, any testimony about potential future expansion must be based on sales (*i.e.,* feed production volume) experienced thus far in the facility and when and why its presently over-built capacity will no longer meet customers' needs.

Steadfastly having refused to produce that baseline data, PSD cannot talk about how noncompliance with the contract has frustrated its ability to expand the facility to meet anticipated demand at some indistinct point in the future.

Younglove's motion is well-taken for another reason: testimony about damages resulting from an inability to expand is speculative. PSD has not pointed to a timetable for expansion that Younglove's noncompliance has rendered unattainable. It simply suggests that *if and when* it wants to expand, it presently anticipates not being able to do so due to Younglove's failure to place the rebar where it belonged under the contract.

What damages would result from the inability to expand, even if the likelihood of doing so were sufficiently sure and certain to justify testimony on this issue, would be even more speculative. Weather, market and even global geo-political conditions, among others factors, can greatly influence demand and thus feed mill production. Each is as unpredictable as the other, and all are to some extent interdependent. No one can say with any degree of certainty how any of those factors will affect the need, or lack thereof for a bigger feed mill.

PSD has no current plans to expand. Even if it did, what damages might accrue are utterly speculative. Even if they were not, PSD's refusal to accede to discovery of baseline financial data would preclude testimony about lost sales due to an inability to expand the mill.

It is, therefore,

ORDERED THAT plaintiff's motion *in limine* to preclude testimony about an inability to expand the feed mill and resulting damages [Doc. 308] be, and the same hereby is granted.

So ordered.

/s/ James G. Carr
Sr. United States District Judge