**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Younglove Construction,                                   Case No. 3:08CV1447

                 Plaintiff

      v.                                                    **ORDER**

PSD Development,

                 Defendant

Pending is a motion *in limine* by third-party defendant Douglas Iverson seeking to bar any evidence at the forthcoming trial referring to design standard ACI 313 for the purposes of establishing a standard of care owed by Iverson. [Doc. 306]. Also pending is defendant/counter-claimant PSD's related motion *in limine* seeking to preclude any party from presenting any evidence or argument at trial that Iverson's design did not have to comply with ACI 313.[Doc. 325].

For the reasons that follow, I deny both motions.

### 1. Iverson's Motion to Preclude ACI 313 Evidence

The American Concrete Institute ("ACI") is a private organization providing technical information to those in the concrete field. ACI 313 is an ACI standard for the design and construction of concrete silos and stacking tubes for storing granular materials.

PSD brought breach of contract and breach of warranty claims against Younglove—claims that turn in part on Younglove's failure to comply with ACI 313.Younglove filed third-party complaints against subcontractor Custom Agri Systems, Inc. (CAS), which designed and constructed

the grain bin, and against Douglas Iverson, who provided engineering services. In the event PSD succeeds on its claims, Younglove seeks indemnity and contribution from CAS and Iverson.

Iverson argues that because ACI 313 has not been adopted as a part of the Ohio Building Code, it is not Ohio law and is inadmissable as evidence of negligence *per se* in the design of an Ohio construction project such as the Feed Mill.

The law of negligence *per se* is irrelevant. Iverson's motion should be denied as moot.[1]

This case sounds in contract, not tort. Thus the question is not whether Iverson failed to meet a standard of care under Ohio law, but whether Younglove materially breached its contract with PSD.

PSD alleges that ACI 313 was a part of the contract and design specifications for the Feed Mill. Therefore ACI 313 is admissible as relevant to whether Younglove complied with the contract's terms.

### 2. PSD's Motion to Exclude Argument that Iverson's Design Did Not Have to Adhere to ACI 313

PSD moves *in limine* to prevent all parties from presenting evidence and argument that Iverson's design did not have to comply with the ACI 313. PSD argues that any such argument is

---

[1] Iverson requests that to the extent ACI 313 is admitted, it should only be admitted with regard to breach of contract claim and not to establish an applicable standard of care. PSD has not alleged negligence on the part of Younglove, and therefore Younglove's intent to seek contribution from Iverson as a "joint tortfeasor" seems misplaced. At any rate, whether ACI 313 is sufficient to show a breach of standard of care is not currently at issue. I deny Iverson's motion *in limine* without prejudice; should any claims of negligence *per se* be advanced against Iverson at trial, I will adjudicate that issue as necessary. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989) (citing *Luce, supra*, 469 U.S. at 41) ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* motion.").

irrelevant because the contract expressly required compliance with ACI 313. However, ACI 313 may still be relevant for the determination of damages.

The contract in question may, as PSD asserts, require compliance with ACI 313. And evidence of non-compliance with ACI 313 may be sufficient to show breach of contract.

However, at issue for trial is not merely whether Younglove breached its contract with PSD. The parties also dispute whether any of Younglove's alleged breaches are material.

If Ohio law, principles of structural engineering and factors of safety do not require that Iverson's design comply with ACI 313, this may tend to show that the failure to comply was not material. Moreover, there is some dispute on the record as to which version of ACI 313—1991 or 1997— the contract documents refer.

Younglove must be allowed to make arguments on these grounds, PSD's concerns regarding confusion of the issues notwithstanding.

### Conclusion

For the foregoing reasons, it is

ORDERED THAT:

1.  Third-party Defendant Iverson's motion *in limine* regarding ACI 313 [Doc. 306] be, and the same hereby is denied; and

2.  Defendant/Counter-claimant PSD's motion *in limine* regarding ACI 313 [Doc. 325] be, and the same hereby is denied.

So ordered.

/s/James G. Carr
Senior United States District Judge