**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Younglove Construction,                                Case No. 3:08CV1447

             Plaintiff

     v.                                                    **ORDER**

PSD Development,

             Defendant

Pending is a motion *in limine* by third-party defendant Custom Agri Systems (CAS) to exclude evidence as to changes and modifications made to the grain bin and tunnel. [Doc. 327]. CAS also seeks an order that defendant/crossclaimant PSD Development (PSD) remove all signs, locks and chains from the bin tunnel and gates during jury view.

Since this litigation began, PSD has made a number of modifications to the grain bin and tunnel, including: adding warning signs next to exterior outlets in the bin tunnel, placing chains and locks on exterior outlet gates, enlarging the center outlet channel and adding one exterior outlet. CAS anticipates that PSD will use evidence of these subsequent remedial measures to attempt to prove that the bin was defective as-built and to show breach of the signage and training provisions of the prime contract.

CAS argues that this evidence is inadmissible under Federal Rule of Evidence 407 as a subsequent remedial measure. In the alternative, CAS argues that this evidence does not meet the general requirements of Rules 401, 402 and 403, as the risk of prejudice outweighs any probative value.

The Sixth Circuit has not decided whether Rule 407 applies to evidence of subsequent remedial measures by a non-defendant, but as PSD points out, "every other Court of Appeals that has considered the issue has held that Rule 407 does not require the exclusion of subsequent remedial measures taken by a non-defendant." *Bowling v. Scott Co.*, 2006 WL 2336333, *5 (E.D. Tenn.) (collecting cases).

Rule 407 recognizes that subsequent action is not an admission, and that exclusion supports a social policy of encouraging (or at least not discouraging) people to take steps in furtherance of added safety. The grounds of this exclusionary rule do not support its application to PSD's later modifications to the grain bin provided by CAS.

Rule 407 is not the end of the inquiry, however: "even if Rule 407 does not apply, the evidence of subsequent remedial measures taken by a non-party must still satisfy the general requirements of relevancy under Rules 401, 402, and 403." *Bowling*, *supra*, 2006 WL 2336333, *5.

CAS argues that allowing evidence—particularly a jury view—of the modifications made by PSD creates an unfair prejudice against the builder. CAS points out that this feed manufacturing facility may be the first the jurors have ever visited, and the jury view is likely to fix their impression of how such a facility is supposed to look. If their first impression is of the modified facility, it may unduly influence their consideration of whether the as-built grain bin met the contract specifications.

PSD asserts that the changes it made were prudent and reflect appropriate safety protocols, and that the chains, locks and signs it installed are only that which CAS or Younglove should have provided under the prime contract.

This may be true, but PSD is required to prove this to the jury in order to recover. PSD advances no argument that evidence showing the actual modifications it has made are in any way probative to its breach of contract claim.

PSD must prove that it did not receive that for which it contracted. The recommendations of CAS and Brock are relevant to that end. Evidence about the alleged inadequacies of the as-built grain bin are obviously relevant. The necessity of repair is relevant. But the relevance of the modifications themselves is marginal at best to the issue of whether there was a breach.[1] Any marginal relevance that this evidence might have is substantially outweighed by the danger of unfair prejudice.

Thus, I agree that PSD may not offer evidence, photographic or otherwise, detailing the changes it has made to the grain bin. PSD must remove the signs, locks and chains from the bin tunnel and gates during the jury view.

**Conclusion**

For the foregoing reasons, it is

ORDERED THAT:

Third-party defendant CAS's motion *in limine* to exclude evidence as to changes and modifications made to the grain bin and tunnel [Doc. 327] be, and the same hereby is granted.

---

[1] Evidence about the cost of the modifications is relevant to the question of damages. Such evidence may be safely presented without undue prejudice to CAS or Younglove, and, at least so far as the signs are concerned, is likely to be *de minimus*.

So ordered.

/s/James G. Carr
Sr. United States District Judge