**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Younglove Construction,                               Case No. 3:08CV1447

            Plaintiff

v.                                            **ORDER**

PSD Development,

            Defendant

Pending is third-party defendant Custom Agri Systems' (CAS) motion *in limine* to exclude evidence or argument that it has any contract obligations related to providing training or signage. [Doc. 311].

CAS' motion would be more properly styled a motion for declaratory judgment, hardly appropriate for the eve of trial. But as a decision on this motion will assist the parties, and hopefully the jury, I have considered the parties' arguments. For the following reasons, the motion is denied.

The subcontract between CAS and Younglove contained a "flow-through" provision that provided:

> Subcontractor shall be bound to Contractor by the terms of the Subcontract and of the Contract Documents between Owner and Contractor; shall assume toward Contractor all obligations and responsibilities which Contractor, by the Contract Documents, assumes toward Owner; and shall have the benefit of all rights, remedies, and redress against Contractor which Contractor, by the Contract Documents, has against Owner insofar as applicable to this Subcontract, provided that, where any provision of the Contract Documents between Owner and Contractor is inconsistent with any provision of this Subcontract, this Subcontract shall govern.

[Doc. 121-2, at 8]. Such flow-through provisions are common in construction subcontracts. *Capricorn Power Co. v. Siemens Westinghouse Power Corp.*, 324 F. Supp. 2d 731, 751 (W.D. Pa. 2004).

The purpose of a flow-through provision is to put the subcontractor in the place of the prime contractor, but only with respect to that portion of the prime contract responsibilities which the subcontractor assumes. *Id.*

In the subcontract agreement, CAS agreed to "furnish all labor, materials, equipment, tools, and appliances necessary to comply with this Subcontract and to complete thoroughly, in a workmanlike manner and to the satisfaction of the Owner, Architect/Engineer, and Contractor, [the Work], including all necessary or incidental work." The subcontract further defines the Work with a list of materials and labor costs for building the corrugated steel silo and accessories. The subcontract does not provide expressly for material, work or labor associated with training or the erection of signage as part of the project.

Younglove argues that the subcontract nevertheless incorporates requirements for training and signage because such elements were "either called for in the specifications or should have been provided as part of the incidental work referenced in CAS' subcontract scope of work." [Doc . 344, at 3]. Younglove believes that the details of PSD's claim may include allegations of deficiencies within the scope of CAS' work, and that it would therefore be unfairly prejudiced if precluded from making this argument.

As I determined in my order on Younglove's cross motion for summary judgment, the meaning of the terms "training" and "signage" in the contract is a question of fact. [Doc. 284, at 13–14]; *Younglove Const. v. PSD Dev., LLC*, 2011 WL 646766 (N.D. Ohio). Therefore, whether

such activities, as relate to the grain bin, may be deemed "incidental" to that work is also a question of fact.

Although both the prime and sub contracts are silent on the issues of training and signage, and thus parole evidence about any discussions might not (or might) be admissible, the parties may have other evidence, such as custom and usage with regard to these sorts of construction projects generally, or the parties' own past experiences, which would bear on mutual expectations and/or obligations.

"Courts should exclude evidence on a motion *in limine* only when it is clearly inadmissible." *United States v. Dye*, 2011 WL 1869423, *1 (N.D. Ohio) (quoting *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)). The evidence and argument CAS seeks to exclude is not clearly inadmissible. Granting this motion could unfairly prejudice Younglove, and leave it unable to show that any defects in signage (and resultant damage to the silo, if proven) should not be blamed on it. To do otherwise would have the effect of imposing liability on Younglove by default.

## Conclusion

For the foregoing reasons, it is

ORDERED THAT third-party defendant CAS' motion *in limine* to exclude evidence or argument that it has any contract obligations related to providing training or signage [Doc. 311] be, and the same hereby is denied.

So ordered.

/s/James G. Carr
Sr. United States District Judge